UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Lee Nickerson, # 241213,<br><br>                      Plaintiff,<br><br>vs.<br><br>John Doe; and<br>Kelli G. Maddox,<br><br>                      Defendants. | C/A No. 4:08-0488-TLW-TER<br><br><br><br>REPORT AND RECOMMENDATION |

This is a § 1983 civil rights action filed by a former state prisoner. Under Local Civil Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order filed in this case on March 10, 2008, the undersigned directed the Clerk of Court to issue the summons and apprised the plaintiff that he was responsible for service of process. On the same day, the Office of the Clerk of Court issued the summons and mailed the service documents to the plaintiff.

On November 12, 2008, and May 29, 2009, the Office of the Clerk of Court wrote the plaintiff and asked him to provide to the court information relating to the status of service of process. *See* Entry No. 13 and Entry No. 14. No response was received from the plaintiff. On November 3, 2009, the plaintiff submitted a motion for default judgment and an amended complaint.

In an order filed in this case on November 12, 2009, the undersigned directed the plaintiff to provide proof of service of process within ten (10) days. In the order, the undersigned also apprised the plaintiff of Fed. R. Civ. P. 4(m). The plaintiff has not responded to the order of November 12, 2009.

*Discussion*

As explained to the plaintiff in the order filed in this case on November 12, 2009, Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action *without prejudice* as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendant is not served within 120 days. *See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases);[*] *Epstein v. White*, No. 90 C 4641, 1991 U.S.Dist. LEXIS 14888, 1991 WL 214152 (N.D. Ill., Oct. 18, 1991), *reconsideration denied*, *Epstein v. Frye*, 1992 U.S.Dist. LEXIS 13574, 1992 WL 225566 (N.D. Ill., Sept. 8, 1992); and *cf. Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th

---

[*]Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104 (S.D.N.Y. 2000); and *Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527.").

Cir. 1991). The plaintiff has not provided proof of service of process, even though he has been repeatedly directed to do so. *See* Entries No. 13, 14, and 19.

### *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* under Rule 4(m), Fed.R.Civ.P., for failure of service of process and under Rule 41(b), Fed.R.Civ.P., for failure to prosecute this action. It is also recommended that the plaintiff's motion for default judgment (Entry No. 16) be **denied**. The plaintiff's attention is directed to the important notice on the next page.

April 26, 2010  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).